IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Nos. 04-173 & 05-253 |
| | )   See Civil Action Nos. 13-923 & 13-937 |
| AARON RICHARDSON, | ) |
| | ) |
| Defendant/petitioner. | ) |

O R D E R

BLOCH, District J.

AND NOW, this 8th day of April, 2014, upon consideration of Defendant/Petitioner's "Complaint Pursuant to Authority in Administrative Procedures Act, Title 5, Section 706(2)(A)" (hereinafter "motion") (document No. 92 at CR 04-173; document No. 30 at CR 05-253), filed in the above captioned matter on July 2, 2013, and upon further consideration of Defendant/Petitioner's "Notice of Default and Notice to Correct or Cure" (document No. 95 at 04-173; document No. 32 at CR 05-253), filed on August 5, 2013,

IT IS HEREBY ORDERED that, for the reasons set forth below, said motion is DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that no certificate of appealability shall be issued because, for the reasons set forth below, Petitioner has not made a substantial showing of the denial of a constitutional right.

**I.     Background**

On September 1, 2005, Petitioner pled guilty to four counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). Pursuant to a plea agreement, Petitioner pled guilty to Counts Two through Four of the indictment filed at CR 04-173 and he waived indictment and

1

pled guilty to Count One of the information filed at CR 05-253.[1] (Doc. No. 54). The plea agreement contained a waiver of certain appellate rights and while the waiver carved out specific issues that Petitioner could pursue on direct appeal, it completely foreclosed his ability to collaterally attack his convictions.[2]

On April 27, 2006, this Court sentenced Petitioner to 327 months' imprisonment at each of Counts Two through Four of the indictment at CR 04-173, to run concurrently with each other and concurrently with the 327 month term of imprisonment imposed at Count One of the information at CR 05-253. Petitioner was sentenced to a lifetime term of supervised release in both cases. On May 15, 2006, Petitioner filed a Notice of Appeal from the Court's final judgment and exercised his right to directly appeal the issues reserved in the plea agreement. The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence on March 10, 2008.

On June 18, 2013, Petitioner, acting pro se, filed the instant document which he entitled "Complaint Pursuant to Authority in Administrative Procedures Act."[3] (Doc. No. 92). The "complaint" was docketed on July 2, 2013. (Id.). In that document, Petitioner sought to have his judgments of conviction declared as "void and of no effect" pursuant to § 706(2)(A) of the

---

[1] The Court will be referring to the docket at CR 04-173 in setting forth the procedural history.

[2] Paragraph A(11)(d) of the agreement states that Petitioner "waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (Doc. No. 54 at 4).

[3] The Court is giving Petitioner the benefit of the doubt and using the earliest possible date that he could have been deemed to have filed his motion under the prisoner mailbox rule. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (noting that under federal "prisoner mailbox rule" a document is deemed filed on the date it is given to prison officials for mailing). The "complaint" is dated June 18, 2013, the "affidavit of mailing" attached to his complaint is dated June 22, 2013, and the envelope that his complaint was mailed in was postmarked on June 24, 2013. See (Doc. Nos. 92 and 92-1).

Administrative Procedures Act (hereinafter "APA"), the United States Constitution, and the Pennsylvania Constitution. (Id. at 1, 3). Petitioner claimed that the "facts and events" giving rise to his claim "occurred by illegal administrative proceedings adjudicated by a use of a law inconsistent with the original members of an Act of Congress." (Id. at 2).

Petitioner's allegations were vague, disjointed, and nearly incomprehensible in nature, but he appeared to be arguing that his convictions under 18 U.S.C. § 2251(a) violated his First Amendment right to free speech under Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), and that the Government's reliance on interstate commerce to establish the jurisdictional nexus under § 2251(a) violated Wickard v. Filburn, 317 U.S. 111 (1942). Indeed, he contended that "the section of U.S. Code used to [obtain the] judgment[s] violates a U.S. Supreme Court ruling in [Ashcroft]" and claimed that the Defendants unlawfully "use[d] interstate commerce as a nexus to expand their power beyond the intent of Congress." (Doc. No. 92 at 2, 4). Petitioner urged the Court to declare that the judgments against him were "void in law" and demanded his "immediate release." (Id. at 7).

Given that Petitioner was asking this Court to vacate his convictions and immediately release him from imprisonment, the Court interpreted the document as an attempt to file a motion to vacate his conviction under 28 U.S.C. § 2255. Since Petitioner was raising these arguments more than five years after the Third Circuit issued its Mandate, the Court issued an Order on July 3, 2013, requiring him to show cause why his motion should not be dismissed as untimely. See (Doc. No. 93).

On August 5, 2013, Petitioner filed his "response" to the Court's Show Cause Order and took offense[4] to the fact that the Court re-characterized his "civil complaint" as a Section 2255

---

[4] Indeed, Petitioner questioned whether this Court was "trying to create a constitutional controversy" when it interpreted his filing as an attempt to collaterally attack his convictions

3

motion. See (Doc. No. 95). Petitioner vehemently denied any intent to file a motion under § 2255 and insisted that he was seeking to commence a civil action pursuant to Section 706(2)(A) of the APA. (Id. at 1). Although he asserted that "the action [cited] in [the Court's Order] is a closed action" and that he had "not requested it be reopened nor amended," he continued to argue that "**the obvious point of [his] complaint [wa]s the legitimacy of judgment currently enforced**." (Id.) (emphasis added). He stated that he was challenging "a judgment filed against [him] by illegal use of law and arbitrary application inconsistent with statute law" and maintained that he had "instituted [his] own action per 5 USC § 706(2)(A) as a civil action to declare [the Court's] actions void . . . against [him] and of no legal effect for failure to reply." (Id.).

## II.     Discussion

Generally speaking, a criminal defendant convicted in federal court has available to him two avenues to attack the legality of his detention: he may first take a direct appeal, and once that is resolved, he may take one more "bite at the apple" by filing a collateral attack, usually accomplished through the filing of a motion under 28 U.S.C. § 2255. See In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999) (noting that "[a]fter conviction and the entry of judgment, the normal defendant in a federal criminal case may pursue a direct appeal and thereafter take 'one further bite at the apple' in a § 2255 motion") (citing In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998).

Indeed, 28 U.S.C. § 2255 "was intended to provide a federal prisoner with an **exclusive means** of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to

---

under § 2255, and claimed that by interpreting it as such, the Court committed a "FRAUD ON THE RECORD." (Doc. No. 95 at 1) (emphasis in original).

4

test the legality of his detention.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (citing 28 U.S.C. § 2255(e)) (emphasis added); see also Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011) ("A § 2255 motion . . . is generally the exclusive remedy for a federal prisoner seeking to "attack[ ] the legality of detention" and "[Section] 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction.").[5]

The language of 28 U.S.C. § 2255 ¶ 1 makes clear that it is intended to apply to "any prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A prisoner seeking to pursue relief under § 2255 has one-year from the date his judgment of conviction becomes final to file such a motion. Id. at § 2255(f).

### A. Re-characterization Generally

Often, a defendant will file a petition which substantively falls within the ambit of § 2255 based on the nature of the arguments raised and the type of relief sought, but the petition will be labeled as something other than a motion under § 2255. However, a defendant cannot circumvent the strict gatekeeping requirements of § 2255 simply by labeling his filing as something it clearly is not, because it is the substance of the motion which controls. As the Seventh Circuit has explained, "[p]risoners cannot avoid the AEDPA's rules by inventive captioning" so "any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under

---

[5] The Third Circuit has explained that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a   § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

§ 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Indeed, courts routinely have re-characterized motions according to their substance and the nature of the relief sought, and the Third Circuit has expressly endorsed this approach as "fair and efficient." United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) ("Courts engaged in this practice in order to reach the merits of pro se petitions, while avoiding the wasted time and expense of forcing petitioners to redraft their pleadings."); see also Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."); Trenkler, 536 F.3d at 97 ("Following this approach, courts regularly have re-characterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions"); United States v. Winestock, 340 F.3d 200, 206–208 (4th Cir. 2003) (re-characterizing a self-styled Rule 60(b) motion as a successive 2255 motion and noting that "the proper treatment of the motion depends on the nature of the claims presented"); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (re-characterizing a self-styled writ of coram nobis as 2255 motion); Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1303 (11th Cir. 2002) (re-characterizing a self-styled § 1983 action); Jiminian v. Nash, 245 F.3d 144, 148-49 (2d Cir. 2001) (re-characterizing a self-styled § 2241 petition).

In Castro v. United States, 540 U. S. 375 (2003), the United States Supreme Court approved of this common practice and explained that such a procedure could be utilized "to create a better correspondence between the substance of a pro se motion's claim and

its underlying legal basis." Castro, 540 U.S. 375 at 381-82 (2006). The Court cautioned, however, that:

> [A] federal court cannot re-characterize a pro se litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to re-characterize, warns the litigant that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Id. at 376.

In light of AEDPA's bar on second/successive petitions absent circuit authorization, see § 2255(h), the Court in Castro was concerned that "by re-characterizing as a first § 2255 motion a pro se litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion." Id. at 382. The Third Circuit in Miller had also expressed the same concern regarding an unwarned re-characterization, however, the courts' concern necessarily assumes that the first pro se filing took place *within the limitations period* and that the defendant would not have been time-barred from formally seeking relief under § 2255 had he actually intended to do so. To convert a pro se litigant's filing into a Section 2255 motion without any warning under those kind of circumstances clearly would prejudice the defendant and impact his ability to present all of his claims in one *timely* motion, especially given the high procedural hurdle to obtain permission to file a second/successive petition under § 2255(h).

      B.     <u>Recharacterizing the "Complaint" as a 2255 motion</u>

Despite the obvious challenge to the validity of his judgments of conviction and the legality of his detention, and, notwithstanding his repeated references to how he is being detained in violation of various laws of the United States, Petitioner adamantly denies any attempt to

7

collaterally attack his convictions under § 2255 and insists that he has initiated a civil action under the APA. Unfortunately for Petitioner, he cannot mislabel his way around the gatekeeping requirements of § 2255 by calling his motion a civil complaint under the APA when the arguments he advances and the relief he seeks are precisely the type for which § 2255 was created to be the exclusive remedy.

The fact that Petitioner is no longer able to seek relief under § 2255 due to the expiration of the limitations period does not suffice to make that statutory remedy "inadequate or ineffective." Cradle, 290 F.3d at 539 ("[Section] 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, *the one-year statute of limitations has expired*, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (emphasis added).

Moreover, the Court cannot treat Petitioner's filing as a legitimate and properly filed civil complaint because Petitioner filed the "complaint" at his criminal case number[6] and the record fails to indicate that Petitioner ever: (i) paid the requisite filing fee, or in the alternative, sought leave to proceed in forma pauperis; (ii) prepared and issued a summons to the named defendants; and/or (iii) effectuated proper service and established proof thereof. See Rules 3-5 of the Fed. R. Civ. P. and 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . .").

---

[6] The Court notes that civil dockets were opened at 13-923 and 13-937 when Petitioner filed his "complaint" because the Court had re-characterized his filing as a motion to vacate under 28 U.S.C. § 2255. The Clerk of Court is required to open a civil case docket for motions brought pursuant to 28 U.S.C. § 2255 for statistical purposes. See Volume 11 (Statistics Manual), Chapter V, Part III.c.

8

The fact that Petitioner is attempting to cloak what is substantively a Section 2255 motion is further demonstrated by the fact that he bases his complaint on a statute that is completely inapplicable to his claims. The stated purpose of the APA is to "to improve the administration of justice by prescribing fair *administrative procedure* . . . [to be] a bill of rights for the hundreds of thousands of Americans whose affairs are *controlled or regulated in one way or another by agencies of the Federal Government*." Diebold v. United States, 947 F.2d 787, 795 (6th Cir. 1991) (emphasis added).

The APA specifically exempts federal courts and Congress from the "agency" definition, see 5 U.S.C. § 701(b)(1)(A)& (B), and most significantly, Petitioner *is not a person who has suffered a legal wrong as a result of any administrative action* and he cannot establish that any legal wrong he allegedly suffered was *because of the challenged agency action.* See 5 U.S.C. § 702; see also Lujan v. National Wildlife Federation, 497 U.S. 871, 882-83 (1990) (noting that the general right of review provision of § 702 "contains two separate requirements. First, the person claiming a right to sue must identify some "agency action" that affects him in the specified fashion . . . Second, the party seeking review under § 702 must show that he has "suffer[ed] legal wrong" because of the challenged agency action.").

Petitioner's attempt to label his filing as a civil complaint under a completely inapposite statute is a clear attempt to circumvent the fact that he would have been barred from filing a formal motion under § 2255 due to the expiration of the limitations period and the appellate waiver in his plea agreement. In such a context, to construe Petitioner's motion as anything other than a Section 2255 motion would lead to an absurd result where a defendant essentially would be free to plead his way around AEDPA's one-year limitations period by titling his motion as something other than a motion under § 2255. Thus, the Court is not bound by the

caption that Petitioner chose for his motion, as the relief he seeks falls squarely within the scope § 2255. The Court therefore will treat the filing as a Section 2255 motion and proceed accordingly.[7]

C. Untimely Nature of Petition

As noted earlier, AEDPA only provides for a one-year limitations period which begins to run from the date the conviction became final (i.e. after the 90-day window to seek certiorari from the Supreme Court expires). See 28 U.S.C. 2255(f); Clay vs. United States, 537 U.S. 522 (2003). There is no indication that Petitioner ever sought certiorari from the United States Supreme Court and since the Third Circuit issued its Mandate on March 10, 2008, Petitioner had until June 10, 2009, to timely file his motion. The limitations period had well expired at the time of his filing, even after giving him the benefit of the doubt and using June 18, 2013, as the official filing date.

Despite the Court's Show Cause Order which (i) informed Petitioner that his motion was subject to dismissal because it was untimely and (ii) ordered him to provide a reason for why his motion should not be dismissed as such, Petitioner failed to address the issue at all. The Court has carefully reviewed his filings in order to assure itself that no good cause can be shown for his

---

[7] In re-characterizing Petitioner's complaint as a 2255 motion, the Court notes that the concern expressed in Castro and Miller regarding the negative implications which may result from an unwarned re-characterization is not present under these facts because the Court is not confronted with a situation where the purported "complaint" was filed within the one-year limitations period. This Court's re-characterization will not strip Petitioner of his ability to present all of his claims in one timely motion within the limitations period as that period has well expired and he no longer is entitled to pursue relief under § 2255 unless he meets the stringent requirements for obtaining authorization to file a second/successive petition under § 2255(h). See 28 U.S.C. § 2255(h) (authorizing successive petitions for newly discovered evidence or new rule of constitutional law that was subsequently made retroactive by the Supreme Court and not previously available). The Court fails to see what benefit Petitioner would have received by being advised that he had to file one all-inclusive petition within one year from the date his conviction became final, if that statutory filing deadline had long passed.

failure to challenge his convictions in a timely manner. The Court notes that the arguments Petitioner advances do not rely on any newly discovered evidence or new constitutional rule of law that was made retroactive. Petitioner has not asserted actual innocence[8] and the Court cannot discern any reason, whether legitimate or not, for the significant delay in filing. Thus, in light of his failure to show good cause for the untimely nature of his motion, the Court must dismiss the motion with prejudice.

## III.     Conclusion

Despite Petitioner's insistence to the contrary, the Court finds that his "civil complaint" under the APA is actually an attempt to file a motion under 28 U.S.C. § 2255 based on the substance of Petitioner's argument and the nature of the relief sought. Given that Petitioner has failed to explain why he filed a 2255 motion five years after the limitations period expired, his untimely motion must be dismissed with prejudice. "A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

s/ Alan N. Bloch<br/>United States District Judge

ecf:   counsel of record

   Aaron Richardson
   08184068
   FCI Allenwood
   P.O. Box. 2000
   White Deer, PA 17887-2000

---

[8] Petitioner's statement that he is "actually innocent" based "on this court's lack of reply required in law pursuant to the [APA]" does not count as a legitimate assertion of actual innocence. (Doc. No. 95).